### J. & G. ACOMB v. EDWARD CLARK AND THOMAS M. HUSSEY.

1. RULE THAT BILL OF EXCEPTIONS CAN ONLY BE TAKEN ON OVERRULING MOTION FOR NEW TRIAL NOT ALWAYS APPLICABLE.

 The rule that a bill of exceptions can only be taken on the overruling of a motion for a new trial does not seem to apply in some cases where during the progress of the trial the judge rules on a motion; but while no motion for a new trial is necessary as to that particular ruling, a bill of exceptions taken to such a ruling must show that it contains *all* the evidence upon which the trial court acted.

2. WHERE BILLS OF EXCEPTIONS DOES NOT CONTAIN ALL THE EVIDENCE.— PRACTICE.

 Notwithstanding the fact that a reviewing court cannot consider a bill of exceptions that does not show it contains all the evidence, it may reverse the action below in dismissing the suit for want of jurisdiction, if the record shows that the court had jurisdiction of the subject matter and of the persons of the defendants.

ERROR to the Court of Common Pleas of Hamilton county.

SMITH, J.

 The plaintiffs in error seek the reversal of a judgment rendered against them and in favor of the defendants in error on the ground that the court of common pleas erred in dismissing their action brought against Clark & Hussey, and in holding that the court had no jurisdiction of said action.

 The original action was brought by the plaintiffs against Clark & Hussey to recover the sum of $816, the amount claimed to be due to them from said defendants on an account for services, held against them by one J. M. Giffen, and which account, for a valuable consideration, had been assigned by Giffen to the plaintiff, as the petition averred. The defendants filed an answer denying each and every allegation contained in the petition.

 On the issues thus raised the case proceeded to trial, and as appears by the transcript of the journal entries, "at the trial of this case after the plaintiff had introduced a portion of its evidence, and the written assignment of the claim sued on, to it, the defendant moved the court to dismiss the action for want of jurisdiction of the subject matter of the action and of the parties; and on consideration whereof the court grants motion, to all of which the plaintiff excepts."

 No motion for a new trial appears to have been filed, but in due time a bill of exceptions was presented and allowed, but there was no statement that it contained all the evidence heard in the case, and a petition in error filed, seeking the reversal of the judgment.

 It is difficult to see how this court can, under these circumstances, consider this bill of exceptions, to see whether the order of the court dismissing the action was against the weight of the evidence. To do this it is necessary to file a motion for a new trial, and if this is overruled, the party aggrieved may have a bill of exceptions certified to contain all of the evidence. Where there has been a verdict of a jury or a finding of the court on the evidence, this evidence can only be brought upon

the record by a bill of exceptions, taken on the overruling of a motion for a new trial, and as has been said, the question whether the verdict or finding was against the weight of the evidence can only be passed upon by the reviewing court when it appears that all of the evidence submitted below is in the bill of exceptions. It seems, however, to be the rule that in some cases where the court in the progress of a case rules on a motion, that no motion for a new trial as to that particular ruling is necessary, but the evidence may be incorporated in a bill of exceptions then allowed. But in such case, to raise the question properly in the reviewing court, the bill should show that it contained all of the evidence upon which the trial court acted.

In this case if we were at liberty to consider the evidence in this bill, we would be of the opinion that the action of the trial court in dismissing the action was erroneous. There was evidence tending to show the validity and justness of the claim of Giffin against the defendants, and its assignment to plaintiffs for a valuable consideration, and there was nothing to controvert those facts. It is true that the assignment produced showed that when the claim was collected, plaintiffs were to pay the amount over and above the amount of their claim to other persons named, and if it had appeared that Giffin was insolvent, it might have operated as an assignment of the claim for the benefit of all his creditors, and in an action brought in the proper court and for that purpose it might have been so declared. But there was no such evidence, and the court was not justified in dismissing the action.

If we can not consider the bill, how does the case stand on the record? The court clearly had jurisdiction of the subject matter and of the parties. It was an action to recover money, and the defendants were before the court and had filed an answer and had raised no question as to the jurisdiction of the court on the subject matter or of the persons of the defendants. How then can the action of the court dismissing the action on the ground that the court had no jurisdiction of the subject matter and the parties justified? In our opinion such action was erroneous, and the judgment of the court dismissing the action will be reversed and the cause remanded for a new trial.

*W. A. Hicks, George A. Turrill* and *J. J. Acomb*, for plaintiff in error.

*C. D. Robertson, contra.*